UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
:
ANDREW DWYER,                                   :   Case No.: 16 Civ. 0451 (VEC)
:
                Plaintiff,       :
:   **ANSWER**
    -against-                                :
:
ALLIANCE BUILDING SERVICES, LLC,                :
:
                Defendant.       :
:
-------------------------------------------------------------------- x

      Defendant Alliance Building Services, LLC ("Defendant"), by its attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for its Answer to the Complaint of Plaintiff Andrew Dwyer ("Plaintiff") filed January 21, 2016 (the "Complaint"), alleges as follows:

## AS TO "PRELIMINARY STATEMENT"

    1.     Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

    2.     The allegations set forth in Paragraph 2 of the Complaint are legal conclusions to which no responsive pleading is required.

    3.     The allegations set forth in Paragraph 3 of the Complaint are legal conclusions to which no responsive pleading is required.

    4.     The allegations set forth in Paragraph 4 of the Complaint are legal conclusions to which no responsive pleading is required.

    5.     The allegations set forth in Paragraph 5 of the Complaint are legal conclusions to which no responsive pleading is required.

## AS TO "TRIAL BY JURY"

6. Defendant denies that Plaintiff is entitled to a trial by jury.

## AS TO "PARTIES"

7. Defendant denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

## AS TO "STATEMENT OF FACTS"

9. Defendant denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint, except denies that the "Classic Security" is a "subdivision" of Defendant.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in Paragraph 16 of the Complaint, except denies that the Plaintiff and Ms. Fahy had a "positive working relationship."

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint, except denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was "eager" and "honored."

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies possessing knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, except admits that Plaintiff did not report to work on May 13, 2015.

22. The allegations set forth in Paragraph 22 of the Complaint are legal conclusions to which no responsive pleading is required.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

## AS TO "CAUSES OF ACTION"

### AS TO "FIRST CAUSE OF ACTION"

34. Defendant repeats and realleges Paragraphs 1 through 33 hereof with the same

force and effect as if set forth at length herein.

35. The allegations set forth in Paragraph 35 of the Complaint are legal conclusions to which no responsive pleading is required.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"

40. Defendant repeats and realleges Paragraphs 1 through 39 hereof with the same force and effect as if set forth at length herein.

41. The allegations set forth in Paragraph 41 of the Complaint are legal conclusions to which no responsive pleading is required.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

## AS TO "REQUEST FOR RELIEF"

47. Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by his failure to state a claim upon which relief may be granted.

-5-

2. Plaintiff's claims are barred, in whole or in part, because Defendant was not Plaintiff's employer within the meaning of the applicable statutes.

3. Plaintiff's claims are barred, in whole or in part, by his failure to satisfy conditions precedent to the filing and maintenance of the Complaint and instant action.

4. Plaintiff's claims are barred, in whole or in part, because the Defendant had a good faith, legitimate, non-discriminatory, and non-retaliatory reason for each and every action taken with respect to Plaintiff's employment, including, without limitation, the termination of his employment.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not qualified for the position (with or without a reasonable accommodation), was not treated unfavorably compared to similarly situated employees, and Plaintiff because cannot otherwise establish a *prima face* case of discrimination.

6. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to notify the Defendant of any alleged covered disability and his failure to request a reasonable accommodation therefor.

7. Plaintiff's claims are barred, in whole or in part, because Defendant did not know, and should not have known, about any alleged covered disability of Plaintiff; nor did Defendant perceive Plaintiff to have a covered disability.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have a covered disabled within the meaning of the applicable statutes.

9. Plaintiff's claims are barred, in whole or in part, because if and to the extent the Defendant violated any law or regulation, any such violation was not willful, reckless, or malicious, or committed with any discriminatory animus.

10. Plaintiff's claims are barred, in whole or in part, by the after-acquired-evidence doctrine.

11. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages, if any.

12. Punitive, compensatory, exemplary, and/or consequential damages are unavailable on some or all of the Plaintiff's claims.

13. Defendant has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees and agents, including, but not limited to a meaningful and responsive procedure for investigating complaints of discriminatory practices by employees and agents, and for taking appropriate action against those persons found to have engaged in such practices, a firm policy against such practices which is effectively communicated to employees and agents, and procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices.

* * * * *

**WHEREFORE**, it is respectfully requested that the Defendant be awarded judgment: (a) dismissing Plaintiff's Complaint in its entirety; and (b) granting such other and further relief as this Court may deem just and proper, including, without limitation, interest, reasonable attorneys' fees, costs, and disbursements.

Dated:   New York, New York
         March 9, 2016

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP

By: _____
    Andrew W. Singer
    Jason B. Klimpl
900 Third Avenue
New York, New York 10022
(212) 508-6700
singer@thsh.com
klimpl@thsh.com
*Attorneys for Defendant*

To:   Walker G. Harman, Jr.
      Owen H. Laird
      The Harman Firm, LLP
      220 Fifth Avenue, Suite 900
      New York, New York 10001
      (212) 425-2600
      wharman@theharmanfirm.com
      olaird@theharmanfirm.com
      *Attorneys for Plaintiff*