UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:___7/1/2016___

ANDREW DWYER,

                              *Plaintiff,*                **PROTECTIVE ORDER**

          -against-                                       16 Civ. 00451 (VEC)

ALLIANCE BUILDING SERVICES, LLC,

                              *Defendant.*

------------------------------------------------------------------ X

HON. VALERIE E. CAPRONI, UNITED STATES DISTRICT JUDGE:

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

    **ORDERED** that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. The person who produces (i.e., transmits to any other person subject to this Order) (hereafter referred to as "producing person") any given Discovery Material may

designate as Confidential ("Confidential Materials" or "Confidential Information") only such portions of such material as consists of:

(a) Health information or medical care records, including client or patient histories, office notes, test results, referrals, consults, billing records, and insurance records, except that such documents and information shall not be deemed "Confidential Materials" to the extent that they are (1) related to plaintiff's disability (or disabilities) which are at issue in this litigation, (2) related to plaintiff's allegations of emotional distress in this litigation, (3) obtained by the parties from sources other than producing person, (4) are otherwise publicly available, or (5) reasonably required to support or refute plaintiff's claims or defendant's defenses;

(b) Personal information, including all sensitive information that identifies an individual, such as social security numbers, driver license numbers, home addresses, telephone numbers, dates of birth, e-mail addresses, records of any financial or credit institution, and any personal identification number or password that would permit access to an individual's financial accounts, conviction records for violation of the law, and any other personally identifiable information not lawfully accessible from publicly available information;

(c) Financial information and any trade secrets or proprietary information, to include the proprietary information of Alliance's clients, employees, contractors, or vendors, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the

extent, that they are (1) obtained by the parties from sources other than producing person, or (2) are otherwise publicly available.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within five (5) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that the producing person previously produced without limitation should be designated as Confidential, he or she may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

    (a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court

in the manner provided by the Court's "Filing Under Seal" provision contained in Rule 4(A) of the Court's Individual Practices. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal.

8. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such

information has been returned or destroyed. A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal in the manner provided by the Court's "Filing Under Seal" provision contained in Rule 4(A) of the Court's Individual Practices, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

12. This Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential," including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed.

13. The Court does not retain jurisdiction over orders such as this after the litigation is concluded.

Dated:     New York, New York
           June 24, 2016

**THE HARMAN FIRM, LLP**
*Attorneys for Plaintiff*
220 Fifth Avenue, Suite 900
New York, New York 10001
(212) 425 – 2600
wharman@theharmanfirm.com
olaird@theharmanfirm.com

By: _____
       Walker G. Harman, Jr.
       Owen H. Laird

**TANNENBAUM HELPERN
SYRACUSE & HIRSHTRITT LLP**
*Attorneys for Defendant*
900 Third Avenue
New York, New York 10022
(212) 508 – 7529
klimpl@thsh.com
lockinger@thsh.com

By: _____
       Jason B. Klimpl
       Joseph D. Lockinger

**SO ORDERED:**

_____
       July 1, 2016
       Date

_____
       VALERIE E. CAPRONI
       United States District Court Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

ANDREW DWYER,

                              Plaintiff,            **PROTECTIVE ORDER**

                -against-                           16 Civ. 00451 (VEC)

ALLIANCE BUILDING SERVICES, LLC,

                              Defendant.

-------------------------------------------------------------------- X

I, _____, acknowledge that I have read and understand the

Stipulation and Order for the Production and Exchange of Confidential Information in this action

(the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in

this litigation to anyone other than for purposes of this litigation and that at the conclusion of the

litigation I will return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Order, I understand that I am submitting myself to

the jurisdiction of the United States District Court for the Southern District of New York for the

purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful

violation of any term of the Order could subject me to punishment for contempt of Court.


Dated: _____                    _____